UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
TERRELL MCCRAE,                                  :
                                                 :
                          Plaintiff,             :
                                                 :         **MEMORANDUM &**
          -against-                              :         **ORDER**
                                                 :
A BETTER WAY WHOLESALE AUTOS, INC.,              :         3:23-CV-133 (VDO)
                                                 :
                          Defendant.             :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Terrell McCrae, proceeding *pro se*, has commenced this action against Defendant A Better Way Wholesale Autos, Inc. ("Defendant"), seeking damages and rescission based upon Defendant violating the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and the accompanying Regulation Z. (First Amended Complaint ("FAC"), ECF No. 21.) Pending before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), in which Defendant argues that the claim for damages is time-barred and that the right of rescission is unavailable as a matter of law. (Def. Mot., ECF No. 25.)

For the reasons set forth below, Defendant's motion to dismiss is **granted** and the Complaint is dismissed without prejudice.

**I.      BACKGROUND**

The following facts, accepted as true, are taken from the Complaint and from documents upon which the Complaint relies and which are integral to the Complaint. The Court construes the facts in the light most favorable to Plaintiff.

On December 9, 2021, Plaintiff, a Connecticut resident, entered into a consumer credit contract with Defendant to purchase a car (the "Retail Purchase Order"). (FAC, ECF No. 21 ¶

7; Def. Ex. 1 (Retail Purchase Order), ECF No. 26-2.) Plaintiff financed the purchase of a motor vehicle with a down payment of $9,000, which included a $600 fee, and a $20,563.97 loan. (FAC, ECF No. 21 ¶¶ 7–8; Def. Ex. 1 (Retail Purchase Order), ECF No. 26-2 at 1.) Also on that date, Plaintiff entered into a Retail Installment Contract with Defendant. (FAC, ECF No. 21 ¶ 8; Def. Ex. 2 (Retail Installment Contract), ECF No. 26-3.)

On the same day, after entering into the contracts, Plaintiff became aware that Defendant withheld information from him. (FAC, ECF No. 21 ¶ 9.) Plaintiff immediately informed Defendant of his "right of rescission of contract." (*Id.*)

## II.     **LEGAL STANDARD**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d

147, 153 (2d Cir. 2002) (internal citation omitted). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

Documents filed *pro se* must be liberally construed and interpreted "to make 'the strongest arguments that they suggest.'" *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citation and quotation marks omitted).

## III. DISCUSSION

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998). "The required material disclosures include, but are not limited to, the amount financed, the annual percentage rate, the finance charge, the total of payments,

and the payment schedule." *Henry v. Flagstar Bank, FSB*, No. 16-CV-01504, 2019 WL 1471267, at *5 (E.D.N.Y. Mar. 31, 2019) (citing 12 C.F.R. § 226.18).

Plaintiff seeks damages and rescission under TILA, alleging that Defendant engaged in "abusive, deceptive, and unfair practices" (FAC, ECF No. 21 ¶ 1), such as requiring a down payment to close a deal and withholding information related to the purchase of a motor vehicle. (*Id.* ¶¶ 7–9.) As discussed below, the Court holds that Plaintiff fails to plead facts sufficient to show that he is entitled to damages or rescission under TILA.

A.   **Statutory Damages**

As a preliminary matter, Plaintiff's claim for statutory damages is barred by the statute of limitations under TILA.

"Private claims under TILA are subject to a fairly strict statute of limitations; any action for damages must be brought within one year of 'the occurrence of the violation.'" *Edwards v. McMillen Cap., LLC*, 574 F. Supp. 3d 52, 66 (D. Conn. 2021) (quoting 15 U.S.C. § 1640(e)). In determining when TILA's statute of limitations begins to run, "[i]t is well-settled law that in 'closed-end credit' transactions . . . the 'date of the occurrence of violation' is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiff[]." *Cardiello v. The Money Store, Inc.*, No. 00-CV-7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001), *aff'd sub nom. Cardiello v. The Money Store*, 29 F. App'x 780 (2d Cir. 2002). A "closed-end credit" transaction includes a completed loan, such as a car loan. *Edwards*, 574 F. Supp. 3d at 67.

Here, because Plaintiff first sued Defendant on February 1, 2023, he can only recover for TILA violations occurring on or after February 1, 2022. But the Complaint only contains allegations of deceptive practices occurring in December 2021 (FAC, ECF No. 21 ¶¶ 7-9), and

4

nowhere in the Complaint does Plaintiff allege facts to show that equitable tolling of the limitations period is applicable here. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (holding that equitable tolling is applied only when there are extraordinary circumstances preventing a party from timely performing a required act and when there is reasonable diligence). Consequently, the Court agrees with Defendant that the latest Plaintiff could have brought a claim for statutory damages under TILA is December 2022. Plaintiff's claim for damages is therefore barred by the one-year statute of limitations.

B.   **Right of Rescission**

Defendant contends that Plaintiff cannot maintain a claim for rescission because the transaction at issue is not eligible for rescission. (Def. Mem., ECF No. 26 at 7–8.) The Court holds that Plaintiff's claim for rescission fails as a matter of law.

TILA provides that "an obligor shall shave the right to rescind the transaction" where there is a consumer credit transaction in which a security interest "is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a) (emphasis added); *see also* 12 C.F.R. 1026.23(a)(1). "As a mechanism of protecting consumers, TILA and the regulations implemented by the Federal Reserve Board give consumers three business days to rescind a loan that uses their principal dwelling as security." *Smith v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 91, 97 (D. Conn. 2016). "If a creditor fails to 'conspicuously disclose' rescission rights, a consumer has three years to rescind the transaction." *Edwards v. McMillen Cap., LLC*, No. 21-1024-CV, 2022 WL 16984534, at *2 (2d Cir. Nov. 17, 2022) (citing 15 U.S.C. §§ 1635(a), (f); Conn. Gen. Stat. § 36a-683(e)).

Here, Plaintiff has failed to show that the loan at issue uses his principal dwelling as a security, as required by TILA. 15 U.S.C. § 1635(a). Plaintiff alleges that the transaction at issue relates to Plaintiff's purchase of a motor vehicle. (FAC, ECF No. 21 ¶¶ 7-9.) But Plaintiff does not allege that a principal dwelling was used as security in that transaction. And an analysis of the contracts at issue does not show that Defendant acquired a security in Plaintiff's principal dwelling. To illustrate, the front page of the Retail Installment Contract states, "**Security Interest:** You are giving a security interest in the vehicle being purchased." (Def. Ex. 2 (Retail Installment Contract), ECF No. 26-3 at 1.) Plaintiff agreed to give Defendant a security interest in a list of items, of which Plaintiff's principal dwelling does not appear. (*Id.* at 3 ¶ 2(c)). "Without such a security interest, the TILA's right of rescission does not apply to Plaintiff's transaction with the Defendant[]; without a right of rescission, Plaintiff cannot state a claim that Defendant[] violated the TILA by failing to disclose such a right." *Robinson v. Guzman o/b/o Victory Mitsubishi*, No. 23-CV-0385 (LTS), 2023 WL 2393931, at *3 (S.D.N.Y. Mar. 6, 2023). Plaintiff therefore fails to state claim for rescission under TILA.

## IV.     CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **granted**. In light of Plaintiff proceeding *pro se*, the Court will provide one further opportunity to plead a plausible claim. Plaintiff must file the Second Amended Complaint by **February 16, 2024**. Failing to comply with this deadline will result in dismissal of the case.

**SO ORDERED.**

Hartford, Connecticut
January 17, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge